UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-168-SEB-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CHARLES SKAGGS, JR. | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. In February 2020, following a bench trial, Defendant was found guilty of nine counts of sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and 3559(e); two counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252; and one count of concealment of evidence, in violation of 18 U.S.C. §§ 2 and 1519. Dkt. 149. The Court sentenced him to an aggregate sentence of life in prison, representing concurrent life sentences for the child sexual exploitation counts and concurrent 120-month sentences for the remaining counts. Dkt. 149. The Court imposed the life sentences for the child sexual exploitation counts because it believed them to be mandatory but also explained that, even if the life sentences were not mandated, given the horrific nature of Defendant's crimes, Defendant's history and characteristics, and other troublesome facts, it would impose life sentences after considering the sentencing factors in 18 U.S.C. § 3553(a). *See* dkt. 177 at 52–54. Defendant appealed, but the Seventh Circuit affirmed his conviction and sentence. Its mandate issued on June 7, 2022. Dkt. 182.

Less than a week later, the Court received a motion for compassionate release from Defendant. Dkt. 183. Upon review, the Court concludes that it does not require a response from the United States to address the issues raised by Defendant's motion.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Defendant puts forward two potentially extraordinary and compelling reasons warranting his immediate release: (1) his actual innocence of some of the crimes of which he was convicted; and (2) the current war in Ukraine. Dkt. 184.

As to the first argument, Defendant contends, based on a Seventh Circuit case that was issued after his conviction and sentencing (but before the conclusion of his direct appeal), that he should never have been convicted of child sexual exploitation. Dkt. 184 at 4–5. This is a challenge to the validity of Defendant's underlying conviction that might have been raised on direct appeal and that, at this point, can be raised—if at all—only in a motion under 18 U.S.C. § 2255. Stated differently, Defendant cannot use a § 3582(c)(1)(A)(i) motion to circumvent the normal process

for challenging potential errors in an underlying conviction and sentence. *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

The Court also declines to exercise its discretion to find that the current war in Ukraine is an extraordinary and compelling reason to release Defendant. Defendant contends that he has prior experience defending Ukraine and that he needs to return to Ukraine to help liberate his city from the Russians and protect his home, family, and businesses. Dkt. 184 at 6–8. If released, he also plans to help his fiancée operate an electronics sales and repair shop, two gymnastics clubs, and an automotive import business. *Id.* at 11. The war in Ukraine is, of course, an extraordinary event. But it is not a compelling reason to release Defendant. There is no indication that Defendant's fiancée is incapacitated or that he has minor children who lack a caregiver. The Court understands that Defendant would like to defend his city and protect his home, family, and businesses, but the fact that he cannot do so is a natural consequence of his serious criminal convictions—not an extraordinary and compelling reason warranting release.

Regardless, even if Defendant had shown extraordinary and compelling reasons potentially warranting release, the Court would deny his motion because the § 3553(a) factors weigh against release.[1] The Court fully considered the § 3553(a) factors at sentencing just two-and-a-half years ago. *See* dkt. 177. The Court will not revisit that analysis in detail, but several facts weigh heavily

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

and decisively against Defendant: He surreptitiously created multiple nude videos of his child, who was only 11 years old at the time of some of the recordings. These are incredibly serious crimes warranting a severe sentence. And, although Defendant disputes the validity of some of his convictions, he is currently serving a life sentence, and he has only completed about six years of that sentence. *See* dkt. 184 at 9 (Defendant stating that he has served 72 months of his sentence). Defendant claims that he presents a statistically low risk of recidivism, but that does not change the fact that he committed serious crimes that warrant a life sentence. Accordingly, the Court concludes that releasing Defendant now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; or afford adequate deterrence to criminal conduct. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

Accordingly, Defendant's motion for compassionate release, dkt. [183], is **denied**. Because Defendant's memorandum and attachments include sensitive information, the **clerk** is **directed** to maintain dkt. 184 and its attachments under seal.

**IT IS SO ORDERED.**

Dated:   6/22/2022

_____
Hon. Sarah Evans Barker, Judge
United States District Court
Southern District of Indiana

4

Distribution:

Charles Skaggs
Reg. No. 15652-028
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734

All Electronically Registered Counsel