UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-00168-SEB-MJD |
| | ) | |
| CHARLES SKAGGS, JR., | ) -01 | |
| | ) | |
| Defendant. | ) | |

**Order Denying Motion to Reconsider**

On June 22, 2022, the Court denied Defendant Charles Skaggs's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 185. Mr. Skaggs had offered two potentially extraordinary and compelling reasons for release: (1) his desire to go to Ukraine to fight in the war there and to help his fiancée; and (2) his actual innocence of some of the crimes of which he was convicted. Dkt. 183. The Court found that the war in Ukraine and Mr. Skaggs's desire to help his fiancée and children was not an extraordinary and compelling reason warranting release, noting that "[t]here is no indication that Defendant's fiancée is incapacitated or that he has minor children who lack a caregiver." Dkt. 185. It also found that Mr. Skaggs could not use a § 3582(c)(1)(A) motion to circumvent the normal process for challenging potential errors in an underlying conviction and sentence. *Id.* Finally, the Court concluded that, even if Mr. Skaggs had shown extraordinary and compelling reasons potentially warranting release, the sentencing factors in 18 U.S.C. § 3553(a) weighed against release. In describing the severity of Mr. Skaggs's crime, the Court stated, "He surreptitiously created multiple nude videos of his child, who was only 11 years old at the time some of the recordings." *Id.* at 4.

On July 18, 2022, Mr. Skaggs filed a motion asking the Court to reconsider its ruling, arguing that his child was actually 14 years old at the time of recordings. Dkts. 188, 189. He also argues that he was not trying to circumvent the normal process for correcting potential errors in an underlying sentence or conviction. *Id*. Although he admits that he could raise such issues in a motion under 28 U.S.C. § 2255, he contends that he also may raise them in a motion for compassionate release under § 3582(c)(1)(A). Finally, as to the issue of the war in Ukraine and caring for his fiancée, he complains that the Court took a "narrow view of a basis used by the BOP and the Court is not restricted to such narrow circumstances." Dkt. 189 at 5. He states that his fiancée and children are "trapped in Russian occupied territory that has once again become an active combat zone so that the situation regarding incapacitation and suddenly orphaned children are a realistic threat" and contends that it is "unconscionable to think that either reason . . . wouldn't qualify as an extraordinary and compelling reason warranting a reduction and release under 3582(c)(1)(A)." *Id.*

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Federal Rule of Civil Procedure 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted).[1] A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal

---

[1] Mr. Skaggs filed his motion less than 28 days after the Court denied his motion for compassionate release. *See* dkt. 188. Thus, the Court considers the motion to be a Rule 59 motion.

quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Mr. Skaggs has not shown reasons warranting consideration of the Court's Order denying his motion for compassionate release.

    First, even if Mr. Skaggs was not subjectively attempting to circumvent the § 2255 process by filing a motion under § 3582(c)(1)(A), any errors that may have occurred during his conviction, sentence, and direct appeal are not extraordinary and cannot serve as a basis for relief under § 3582(c)(1)(A). Instead, they are "the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255." *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up); *see also United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) ("A court may not reduce a sentence under the compassionate-release statute unless a prisoner presents an extraordinary and compelling reason for release. Martin is essentially arguing that the sentencing judge improperly weighed his arguments in mitigation and that this error warrants release. But because his direct appeal provides a means for him to present these arguments that—if correct—would warrant sentencing relief, he does not have an extraordinary and compelling reason for release now.") (internal citation omitted). To the extent that Mr. Skaggs argues that subsequent caselaw has rendered some of his convictions invalid, that too is not an extraordinary and compelling reason to grant him compassionate release. *King*, 40 F.4th at 595 ("When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions…There's nothing 'extraordinary' about new statutes or caselaw…").

Next, nothing alleged by Mr. Skaggs in his motion for reconsideration persuades this Court that the war in Ukraine and Mr. Skaggs's desire to help his family is an extraordinary and compelling reason to grant him release. The Court was aware of its discretion to grant Mr. Skaggs's motion. It fully considered Mr. Skaggs's arguments with regards to his family and the war and concluded that it was not an extraordinary and compelling reason to release him. Mr. Skaggs has presented no facts to change to that conclusion.

Finally, even if Mr. Skaggs's child was 14 years old—and not 11 years old—at the time Mr. Skaggs made surreptitious videos, that fact does not change its overall assessment of the § 3553(a) factors. Mr. Skaggs's remaining arguments related to the Court's § 3553 analysis are essentially a disagreement with the Court's decision, which is not a basis for reconsideration. *See Oto*, 224 F.3d at 606 ("A manifest error is not demonstrated by the disappointment of the losing party.").

Accordingly, Mr. Skaggs's motion to reconsider, dkt. [188], is **granted** to the limited extent that the Court acknowledges that Mr. Skaggs's child may have been 14 years old—and not 11 years old—at the time Mr. Skaggs made surreptitious nude videos of the child but is in **all other respects denied**.

IT IS SO ORDERED.

Date: 10/28/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Charles Skaggs
Reg. No. 15652-028
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734